## COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: ___SAUL S_____ D AVID_____ L._____
    *(Last)*               *(First)*               *(Middle Initial)*

Prisoner Number: __AD9145_____

Institutional Address: __CSATF, P.O. Box 5244, Corcoran, CA  93212-5244__

_____

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

DAVID SAULS,_____ )
*(Enter your full name.)* )
                )
          vs. )
WARDEN, California Treatment Facility; )
S.Balli, J.Crews, K.Green, H. Mosely, )
_____ )
Unnamed Defendants 7 through 12, Unnamed )
*(Enter the full name(s) of the defendant(s) in this action.)* )
Defendants 13 through 18, L.Martinez, )

Case No. _____
*(Provided by the clerk upon filing)*

**COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

***Note:*** *You must exhaust available administrative remedies before your claim can go*
       *forward. The court will dismiss any unexhausted claims.*

A.   Place of present confinement __CA Substance Abuse Treatment Facility__

B.   Is there a grievance procedure in this institution?    YES ☒     NO ☐

C.   If so, did you present the facts in your complaint for review through the grievance

procedure?    YES ☒    NO ☐

D.   If your answer is YES, list the appeal number and the date and result of the appeal at each

level of review. If you did not pursue any available level of appeal, explain why.

    1. Informal appeal: __See Exhibits A, B, D, E__

_____

_____

2. First formal level: _____ See Exhibits A, B, D, E _____

_____

_____

3. Second formal level: _____ See Exhibits A, B, D, E _____

Please note that the CDCR has gone to a two-level appeals process

_____

4. Third formal level: __ See Above _____

_____

_____

E.    Is the last level to which you appealed the highest level of appeal available to you?

      YES ☒x    NO ☐

F.    If you did not present your claim for review through the grievance procedure, explain why.

All grounds are fully exhausted under PLRA requirements

_____

_____

## II.    Parties.

A.    Write your name and present address.  Do the same for additional plaintiffs, if any.

David L. Sauls, AD9145, CSATF, P.O. Box 5244, Corcoran, CA  93212-5244

_____

_____

B.    For each defendant, provide full name, official position and place of employment.

Warden of CTF          , Name Unknown; Sg Lt. S. Balli at CTF Central Yard;

Sgt. J. Crews, at CTF Central Yard; K. Green, Appeals Coordinator CTF;

L. Martinez, Appeal Coordinator CTF; Unnamed Defendants 7 through 12, Correctional

Officers at CTF; Unnamed Defendants 13-18, C/O at CSATF, Director of Appeals

H. Mosely, CDCR Sacramento Office.

_____

_____

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

Ground One: A violation of the 8th Amendment's prohibition on Cruel and Unusual conditions of confinement was stated when the CDCR, CTF, failed to provide adequate protection for the Plaintiff from the COVID-19 pandemic. Please see Points and Authorities for more argument.

Ground Two: A violation of the 5th and 14th Amendments' requirement for Due Process was stated when the CDCR, CTF, failed to respond to the Plaintiff's Inmate Grievance 502 as an 'emergency appeal' in spite of Plaintiff's underlying medical conditions that require special protection. Please see Points and authorities for more argument.

Ground Three: A violation of the 5th and 14th Amendments' requirement for Due Process was stated when the CDCR, CTF, was negligent in 'losing' the initial

Please see attached Addendum page for further grounds.

## IV. Relief.

Your complaint must include a request for specific relief.  State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

WHEREFORE, Plaintiff respectfully PRAYS this court for relief as follows:

1. Issue a Declaratroy Judgement that the Defendants' actions as stated in the Complaint did violate Plaintiff's rights under the U.S. Constitution and as otherwise alleged herein.

2. Award Plaintiff monetary damages, compensatory and punitive, in an amount to be determined;
Please see attached Addendum page for further gelief.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: _____     _____

*Date*                          *Signature of Plaintiff*

ADDENDUM

III. Statement of Claim, continued.

CDCR 502 Emergency Appeal thwarting the Plaintiff's efforts to raise the

underlying issues in Ground One on a timely basis.

Ground Four: A violation of the 8th Amendment's prohibition on Cruel and Unusual

conditions of confinement and the First Amendment's mandate for Access to the

Courts for redress of grievances was stated when the CDCR, CTF, and SATF placed

Petitioner in AdSeg and informed other incarcerated persons that Petitioner was

a "snitch" endangering his life. The retaliation also states a violation of

California's Unruh Civil Rights Act (Ca. Civ. Code 51 et seq.) as well as

California's Whistleblower's Act.

IV. Relief, continued.

3. Award PLaintiff the cost of the instant suit and reasonable attorney fees

for appointed counsel;

4. Grant Plaintiff such other and further relief as the court deems just and

proper;

5. Grant PLaintiff for the lost TV that was misplaced by the CDCR full replacement

value as determined by this court.

1 DAVID L. SAULS.

2 AD9145-

3 CSATF F2-37-4L

4 P.O. Box 5244

5 Corcoran, CA 93212-5244

6 In Pro Se

7

8       IN THE UNITED STATES DISTRICT

9       COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

10

11 DAVID L. SAULS,                  No.

12 Plaintiff,                       COMPLAINT FOR DECLARATORY

13        vs.                       RELIEF AND MONETARY

14 California Department of Correction,   DAMAGES, (42 U.S.C. 1983)

15 WARDEN S. Balli, J. Crews, H. Mosely,

16 K. Green, Unnamed Defendants (7)

17 through (12) and unnamed Defendants

18 (13) through (18), L. Martinez,

19 Defendants.

20

21

22       I. INTRODUCTION

23 (i). THIS is a Civil Rights Complaint for Declaratory Relief and

24 Monetary Damages Brought for the Denial of a Civil Right and the

25 use of unreasonable, unnecessary, and excessive threats of future

26 risk of harm, Injury, or death. In violation of the Constitutional

27 legal rights of Plaintiff "DAVID L. SAULS."

28

                    (1)

(2). Plaintiff was incarcerated at California State Prison - Soledad (CTF) by Defendant "WARDEN" at the time of the initial incidents. Defendant "S. BALLI" was at the time the lieutenant, and Defendant "J. CREWS" was at the time the Sergeant, At California State Prison, HEREIN (CTF) Soledad.

## II. JURISDICTION AND VENUE,

(3). This is a Civil Rights Action under 42 U.S.C. section 1983 to redress the deprivation, under the color of state law of rights, privileges, and immunities guaranteed by the (5th) (8th) and (14th) Amend of the U.S. Const. This Court has Juris-diction pursuant to 42 U.S.C. section 1331 and 1343.

(4). This Court has Jurisdiction over plaintiff's action for declaratory relief pursuant to 28 U.S.C. section 2201 and Rule 57 of the Federal Rules of Civil Procedure.

(5). Venue is proper in the Northern District of California under 28 U.S.C. section 1391 (b)(2) because the substantial part of the events giving rise to the Claims for relief occurred at (CTF) Soledad in the Northern District of California.

## III. PARTIES,

(6) Plaintiff is now incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California (SATF). Plaintiff was at all times relevant to this action incarcerated within the California Department of Corrections and Rehabilitation herein (CDCR).

(2)

(7). Defendant, "WARDEN" was at the relevant time, to this action the Warden of (CTF) Soledad. He is sued herein in both official, and individual Capacities under the color of state law. He was responsible for Supervising, disciplining, and training for all correctional officers, and staff employed at (CTF) Soledad state prison.

(8). Defendant, "S. BALLI" was a Lieutenant at the time relevant to this action and is sued herein in both official, and individual Capacities under the color of state law. She was responsible for Supervising, disciplining, and training for all Correctional officers under her watch.

(9). Defendant, "J. CREWS" was a Sergeant at the time relevant to this action and is sued both in her official and individual capacities under the color of state law. She was responsible for the Correctional officers under her direct Supervision, And herein the author of the confidential report.

(10). Defendant, "H. MOSELY" was the Associate Director of the Office of Appeals for the California Department of Corrections and Rehabilitation and at all time relevant to this action, was acting under the color of state law, and is sued in both official and individual capacities. His responsibility is the Supervision of the final examination of inmate appeals.

///

(3)

(11). Defendants, Un-named (7) through (12) were Correctional officers at (CTF) Soledad who's assignments was in the Administrative Segregation Unit, and whom was the officers who "Slander" plaintiff character by labelling him as a "Snitch" they each acted under the color of state law, and is sued in both official and individual Capacities.

(12). Defendants, UN-named (13) through (18) these officers were correctional officers at (SATF) E-Yard unit 2 and all times relevent to this suit, acted under the color of state law, and are sued in both official and individual capacities. They each inform other inmates that plaintiff was a "snitch" and recruited incarcerated persons to do Plaintiff physical harm.

(13). Defendant, "K. GREEN" was (CTF) Soledads Administrative Appeals processer at the institutional level. And reviewed Plaintiff's Inmate Grievances (i.e.) 602, at all time relevent to this action, acted under the color of state law, and is sued in both official and individual capacities.

(14). Defendant, "L. MARTINEZ" was an Administrative Appeals processor at the institutional level at (CTF) Soledad, And was acting under the color of state law And is sued in both official and individual Capacities. At all times mentioned herein, The Defendants were employees of CDCR, stationed at either CTF or SATF, and acted under the color of authority of California state Law.

## I.V. INTRA-DISTRICT ASSIGNMENT

(15). The events giving rise to this lawsuit took place in California Counties of "Monterey or Kings". Thus, the case should be assigned to the San Francisco Division of the Northern District of California pursuant to the Local Rules of the Northern District of California, Rule 3(2)(d).

## V. FACTUAL ALLEGATIONS

(16). Plaintiff, Contend while housed in (CTF) Soledad On January 9, 2021 that I did respectfully Contact the Central watch officer. My personal contact was with Defendant Sgt. "J. CREWS" and Defendant Lt. "S. BALLI". I attempted to inform these two officials that I felt my life and personal safety were in danger. That assertion was based on the theory presented in an emer-gency appeal, "Inmate Grievance CDCR (602)". That Plaintiff had filed on September 4, 2020 Log # 34596 and again December 2, 2020 Log # 65613 herein as "Exhibits (A) and (B) Respectively.

(17). As a result, Plaintiff was placed in an administrative Segregation Unit (Adseg) and referred for an Initial Classification Committee (ICC) for appropriate housing. As Plaintiff was awaiting for housing, between and beyond time, all AdSeg custody staff, 1st, 2nd, and 3rd watch, walked up and down the tiers telling other inmates that Plaintiff's was a "Snitch" This "Slanderous allegation" furthered the danger to Plaintiff's life and Safety

(5)

while or within the California Department and
Correctional housing facilities.

(18). Upon Plaintiff's Classification hearing, Plaintiff was,
By "adverse action and/or Retaliation," transferred to
(SATF) Corcoran state prison on February 27, 2021,
within or about three weeks after Plaintiff's transfer, this
same "Classification Committee (ICC), transferred a
posse of inmates from (CTF) Soledad administrative
Segregation Unit to (SATF) Corcoran state prison, and
housed them on E-yard where Plaintiff was then housed
in order to do Plaintiff harm. Plaintiff assert this
allegation based on the fact that E-Yard Custody, 1st,
2nd, and 3rd watch, told other inmates in that Unit that
Plaintiff was a "snitch", and assisted those inmates with
"weapons" to used against Plaintiff.

(19). As a result of the CDCR's staff threats and/or
retaliation, There was a "long delay" created in Plaintiff
efforts to redress. Producing a chill in my mandatory
exhaustion process. "After a time of fear," Plaintiff
Submitted another grievance On November 3, 2021, In
"Nexus" of the original, But different facts. (see Log #
184938) (Exhibit D). Once denied at the institutional level,
The Director of Appeals, "Third level review" Partially
granted that appeal, Reissued a different Log # 243932
(see Exhibit E. same document as Exhibit D above)

(6)

1   with an order to re-open and respond to the "Merits"
2   of the complaint.

3

4       VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES,
5       (20). Plaintiff asserts exhaustion on all grounds for relief
6   and for all Defendants in this instant action.

7

8       VII.   GROUND FOR RELIEF,
9       (21). Plaintiff alleges four grounds for relief,
10          GROUND ONE:
11      A violation of the 8th Amendment's prohibition on
12  Cruel and Unusual conditions of confinement was stated
13  when the CDCR staff at (CTF) Soledad, failed to
14  provide adequate protection for Plaintiff during the COVID
15  19 pandemic.
16          GROUND TWO:
17      A violation of the 5th and 14th Amendment require-
18  ment for Due Process was stated when the CDCR,
19  (CTF) Soledad failed to reasonably respond to Plaintiffs
20  Inmate Grivance 602 as an "Emergency Appeal" per
21  CCR. 15. 3084.9 (a)(1) and (B). In spite of Plaintiff
22  stating on the form, that it was an emergency, And in
23  spite of Plaintiff being diagnose with "Mesothelioma and
24  or Asthma" a condition that required high risk protection
25  per public medical professionalism.
26
27
28  ///

GROUND Three

A violation of the 5th and 14th Amendments requirement for Due Process was stated when CDCR staff at (CTF) Soledad, was negligent in 'losing' the initial CDCR 602 Emergency Appeal thwaring Plaintiff's efforts to raise the underlying issues in Ground One on a timely basis.

GROUND FOUR

A violation of the 8th Amendment's prohibition on Cruel and Unusual condition of confinement and the 1st Amendment's mandate for Access to the Courts for the "redress" of grievance was stated when CDCR staff at (CTF) Soledad and the staff at (SATF) in Corcoran "outrageously Slander and Libeled" Plaintiff's Character by labelling Plaintiff as a "Snitch" and informing and recruiting other inmates to do Plaintiff harm, endangering my life at this time, and in the futur with know "Penological base reason" other than the retaliation for the exercise of a Constitutional protected right. a violation of California's "Unruh Civil Rights Act (Cs. Civ. Code 51 et seq.) as Well as the California Whistleblowers Act."

///

(8)

1 <u>ARGUMENT</u>

2

3 (a). <u>Ground One</u>; A violation of U.S. Const 8th Amend.

4 prohibition on Cruel and Unusual conditions of

5 Confindment was stated when the CDCR staff at (CTF)

6 Soledad failed to provide adequate protection for plaintiff

7 from the risk of COVID-19 during a pandemic crisis.

8

9 <u>LEGAL STANDARD</u>

10

11 Simply subjecting an incarcerated person to potential harm

12 Can state a violation of the 8th Amendment's prohibition

13 on Cruel and Unusual punishment. (Aurther v. Thomas)

14 (11th Cir. 2012) 674 F. 3d 1257) The basic concept under-

15 lying the 8th Amendment is The dignity of Man. When the

16 prison system acts in a cruel manner, depriving the

17 incarcerated person of adequate medical care or protection,

18 the dignity of that incarcerated person is abrogated and

19 that abrogation violates the 8th Amendment. (Brown v

20 Plata (2011) 131 S.Ct. 1910).

21

22 <u>FACTUAL STATEMENT</u>

23

24 The following excerpts are from the "Exhibit" F. The

25 <u>OFFICE OF THE INSPECTOR GENERAL</u> (OIG) entitled

26 "COVID-19 Review Series", parts one and two. The entire

27 text, including part Three, is available at www.oig.ca.gov.

28 in PDF format for free download.

9

1  "quote" (we found that the department's vague
2  screening directives resulted in an inconsistent imple-
3  mentation among the prisons, which left some staff and
4  visitors entering prisons unscreened) "unquote". part one
5  page one. Because of vague, contradictory directives
6  from CDCR, staff at CTF were left with uncertain
7  expectations. Those directives also led staff to question
8  the importance of masking and PPE. often times, both
9  custody and the incarcerated were allowed to interact
10  with each other at CTF without wearing a mask or
11  wearing it incorrectly. This contributed a great part
12  in the spread of COVID-19 at CTF Soledad. Where
13  Plaintiff was than housed, to go unchecked.
14
15  "quote from report two, page two" (OIG staff found
16  that CDCR staff and the incarcerated, frequently failed to
17  follow "masking and social distancing" requirements. 31%
18  reported observing staff and the incarcerated not following
19  masking requirements, and 33% reported staff and the
20  incarcerated not following social distancing. "unquote".
21
22  The fact that such vague directives were issued, and
23  little to no enforcement was forthcoming show
24  "Deliberate Indifference to the health and safety of
25  plaintiff and custody alike." Department's scant enforce-
26  ment activities ... demonstrated a disregard of the
27  department's supervisers and managers for enforcing
28  the department's COVID-19 requirements. (report 2 pg. 35).

1    Incomplete enforcement of COVID-19 protocols extended
2    To visitors as well, and presumably to custody and other
3    staff as they used the same protocols." (CSP-Sac)
4    CDCR staff neglected to check (OIG staffs)
5    screening pass, instead they only check identification,
6    and then allowed them to enter (the secure perimeter)."
7    (report 1, pg

8

9    Combining the failure to adequately enforce, and
10   non-often even try to enforce, masking and social
11   distancing policy, procedure and protocols, with the
12   failure to adequately screen visiters, resulted in the
13   massive explosion of positive COVID-19 tests and
14   active cases in CTF Soledad and SATF in corcoran.

15

16                    GROUND TWO:

17

18   A violation of the 5th and 14th Amend. to the U.S. Const.
19   requirement for Due Process was stated when CDCR, at
20   CTF Soledad, failed to respond to plaintiff's Inmate
21   Grievance 602 appeal as an "Emergency" per CCR. 15
22   3084.9 (a)(1) and (B) in spite of plaintiff stating
23   on the CDCR 602 form that it was an emergency,
24   in spite of plaintiff's underlying medical condition
25   that required special attention.

26

27

28   ///

                         15

When CDCR's staff "K. GREEN" at the institutional level failed to process plaintiff's "Emergency" 602 as an emergency "per CCR. 15' 3084.9" in spite of a serious medical implication for a complicational risk in plaintiff Case due to pre-existing permanent medical conditions, as being "asthmatic", violated CDCR's own rules and regulations, as well as Plaintiff's rights to Due Process. This Due Process violation is more than just administrative, as it delayed implementations of adequate medical safety for plaintiff's attempting to ameliorate deficiencies stated in Ground One, (Exhibit 6).

## LEGAL STANDARD

The right to Due Process restricts Government officials, including the administrated branches, "CDCR" from depriving the incarcerated person from "life, liberty, or property without due process of law." U.S. Const. Amend. 5th and 14th). In this instant case, the violation state a "Procedural Due Process Violation", as the violator denied Plaintiff the right to address the grievance in a timely manner. As the COVID-19 infection was possibly fatal to plaintiff because of pre-existing medical conditions, this delay, by not processing plaintiff's "Emergency Grievance as requested, states a procedural Due process violation."

///

In the CDCR's Department Operations Manual, OP 12010.4 (b) (6); the CDCR is required to provide a timely, staff response to inmate appeals, including emergency appeals. While in Wright v. CA ((2004) 122 Cal. App. 4th 659, 667-668) the court found no Constitutional right to file an administrative appeal in California, But the U.S. Supreme Court found in Sandin v. Conner ((1995) 515 U.S. 472, 115 S.Ct. 2293) That prisoners have a liberty interest when: (1) the right at issue is constitutionally protected, (2) the challenged action increases the prisoner's time in prison and (3) the action creates, "atypical and Significant hardship on the inmate in relation to the ordinary incidents of prison life." (see 484) In this instant case, the constitutionally protected right is The 8th Amend. where the finding of a significant risk to an inmates personal safety, given his "atypical" pre-existing medical conditions goes unaddressed.

## FACTUAL STATEMENTS,

In the CCR. 15 3084 (a)(1); An emergency appeal is allowed if "Waiting" for the regular timelines((60 days), under COVID-19 emergency policies) could state a threat to the incarcerated person's safety or cause them serious harm. In the instant case, The risk of COVID infection to plaintiff was so great he filed the appeal as an "Emergency Appeal" (Exhibit A).

13

1   Department Operations Manual DOM 54100.8 requires
2   a 5-day response to "Emergency filed Appeals. In the
3   instant case the appeals were all delayed to 60 days
4   at the institutional level, and were ignored by defendant
5   "Howard E. Moseley", at the departmental level in
6   Sacramento. Defendant responded with a un-dated
7   letter stating that they exceeded the timelimits, and
8   refusing to return the original Grivance and its
9   related documents to this plaintiff. (Exhibit A, B, c).
10
11  CDCR commonly "Loses" inmate appeals. COIG
12  Special Report: CDCR Revised Inmate Appeals Process
13  Leaves key Problems (Sept. 2011) found in The
14  California Prisoner and Parole Handbook, Mackay,
15  Heather and Prison Law Office (2019) ISBN: 987-0-
16  95526-0) The California Prison and Parole Handbook
17  (Ibid.). Recommends that inmates use a multi-part
18  CDCR form 22 as a "receipt" for the CDCR 602,
19  to submitte at the institutional level. However, CDCR
20  no longer uses this form. Also, inmates are not allowed
21  to make photocopies of appeals forms prior to
22  submitting them at the institution level. As it is not
23  considered a "legal" document by CDCR and it's
24  library staff. Therefore, this Court will find herein
25  hand-written copies of some 602 Appeals that has
26  been submitted by Plaintiff rather than photocopies.
27  (Exhibit H) Declaration of "DAVID L. SAULS"
28  Plaintiff in the matter herein).

14

1. A failure to respond to an appeal in a timely fashion
2. can render the appeals process "unavailable" for
3. allowing the incarcerated person full exhaustion for
4. PLRA purposes. (Sheets v. Techune (ED Cal. 2006)
5. 421 F. Supp. 2d 1304, 1307-8).

7. Plaintiff acknowledges that there is a particular
8. procedure for a medical "Emergency Grievance." How-
9. ever, "the action restricting Plaintiff to the facility
10. assigned and refusing to release him temporarily for
11. his safety are "NOT" medical but custody in nature." (15
12. CCR. 3087-3087.12) Therefore, Plaintiff filed his grievance
13. as custody grievances (Green 602 appeal form).

15. <u>Ground Three:</u>

17. A violation of the 5th and 14 Amends. U.S. Const.
18. requirement for Due Process was stated when CDCR staff
19. Defendant "K. GREEN" at CTF Soledad, was negligent
20. in "losing" the Emegency Appeal, thwarting Plaintiff's effort
21. to raise the issue underlying Ground One on a timely basis.

23. <u>LEGAL STANDARD:</u>

25. The CDCR has a history of having difficulty with the
26. "misplacing" of Inmate appeals (602's). (OIG special
27. Report, supra) Incarcerated can file additional 602s
28. regarding the misplaced grievance, with little to no effect,

and can petition the courts for a writ of Mandamus to direct CDCR to address the issue. (Villery v. CDCR (2016) 246 Cal. App. 4th 407, 410) Incarcerated can also raise the issue triggering the appeal in court directly, arguing that a "lost" CDCR 602 Inmate Appeal renders the grievance process "unavailable" under the PLRA. (Sheets v. Terhune, supra).

## FACTUAL STATEMENTS.

(1) CDCR commonly "loses" inmate appeals. When Plaintiff filed a CDCR 602 form regarding his release due to CDCR's disregard of COVID protocol, the original copy was "lost, misplaced, or stolen within the possession of Defendant "K. GREEN" of the CTF Soledad appeals office. This lost 602 is the subject of appeal Log # 37598. (Exhibit A) Defendant "K. GREEN" basically ignored the issues as can be seen in the institution level response and the form letter from Defendant "HOWARD E. MOSELEY" (Associate Director) (Exhibit A).

(2) When CDCR at CTF Soledad lost a grievance, that render the appeal process "unavailable" and states full exhaustion of the issue(s) raised for PLRA requirement. (Ibid) In this instant case Plaintiff filed an additional appeal on both substantitive issues and the fact of the lost grievance, all with no relief. (Exhibit(B) Log. # 65613).

16

## GROUND FOUR

A violation of the U.S. Const. 8th Amend.
prohibition on Cruel and Unusual Conditions of
Confinement and a 1st Amendment mandate on
Access to the court for Redress of Grievances
was stated when Defendants; "S. Balli (Lieutenant)
and J. CREWS (Sergeant)" at CTF soledad, Placed
Plaintiff in "administrated Segregation" and custody staff
informed other inmates there that Plaintiff was a "snitch,"
thereby endangering Plaintiff life in the prison population
Combine with the failure to reasonably protect Plaintiff
from the "COVID virus." This was a form of retaliation
for filing inmate grievances and states a violation of
California's "Unruh Civil Right Act as well as California's
Whistleblower's Protection Act. (Cal. Civ. Code 51 et seq.)

## LEGAL STANDARD:

When a government agency (CDCR at CTF soledad,
and SATF Corcoran), retaliates against an inmate for
filing an institutional grievance, this states a violation
of the 1st. Amendment. (Villery v. CDCR, supra). Such
action chill the Plaintiff's willingness to exercise his
right to redress grievance against the government, in
violation of the right to Access the Courts in the 1st
Amendment. (Ibid) Simply because the grievant was
not silenced does not mean that the efforts were not

17

1  chilled by these retaliatorys actions. (Rhodes V. Robinson
2  (9th Cir. 2005) 408 F. 3d 559, 559-559). The right to seek
3  redress in the courts is a "fundamental political constitutional
4  right" (McCarthy V. Madigan. 503 U.S. 140, 153, 112 S.ct 1081
5  (1992) (quoting Yick Wo V. Hopkins, 118 U.S. 356, 370 (1886)).
6  So this action further states a violation of California's
7  Unruh Civil Rights Act as well. (Cal. Civ. Code 51) Section
8  2 CCR-12130 states that retaliation for engaging in
9  Constitutionally protected right(s) does not need to claim
10  a violation of any other section or provision in the law.
11  Further, this section states that retaliation need not be
12  for the sole purpose of retaliation but this was a
13  component of the action chilling the free exercise of
14  this violated right.

15

16              FACTUAL STATEMENT

17

18    Placing Plaintiff in Administrative Segregation (AdSeg)
19  was not a violation and did not chill the willingness of
20  Plaintiff to continue the grievance(s). However, when
21  the correctional officers, "defendants (7) through (12)"
22  informed the other incarcerated inmates, in front of
23  the Plaintiff so I could hear it, "that Plaintiff was a
24  "Snitch", this DID state a violation, and chilled Plaintiff's
25  efforts To redress. (Exhibit A, B, and C).

26

27

28  ///

                    18

1  Incarcerated workers, "like petitioner," were required
2  to enter areas where unscreened, unvaccinated, free
3  staff were employed, than return back their housing Units.
4  A number of the incercerated provided various cleaning
5  services at or in buildings outside the secured perimeter,
6  then return to their housing area, to interact and live
7  with other inmates.

9  When CDCR at (CTF) soledad state prison moved the
10  untested inmates, recovered, and otherwised, from unit
11  to unit, cell to cell, and prisons to prison this led to
12  the gross explosion of active COVID-19 Cases, giving
13  the CDCR an overall high of infection in the general
14  prison population of (CTF) Soledad State prison.

16  "Despite the flawed screening process, San Quentin
17  State Prison had maintained zero active COVID-19
18  cases among its incarcerated population until CDCR
19  transferred a group of incarcerated to the institution
20  from the California Institution for Men "herein (CIM)"
21  on May 30, 2020, without first having been properly
22  evaluated for exhibiting signs and symptoms of the
23  COVID disease." (Report 1, pg. 23). Further movements
24  within the prison, from yard to yard, and prison to prison
25  spreaded the infection throughout the incarcerated population.

28  ///

19

A further retaliation was stated when CDCR staff at CTF soledad defendants "(1) through (12)" "misplaced or stolen" plaintiff's TV. the appeal that was filed (Log. No. 184938) was "Granted," than latter rejected as (Log. No 243932) as 'untimely' By defendant H. Mosely (Associate Director). These Two faulty decisions have denied Plaintiff his property, "A Liberty interest" with-out Due process. And given the timing and location of the violation is clearly a part of a form of retaliation fomented against this plaintiff.

Exhibits (D) and (E) shows the response both at the institutional level and that of defendant H. Moseley, Associate Director. These responses constitute additional retaliation against Plaintiff for filing his Grievances, "denying plaintiff the right to free speech" without a reasonable penological base interest as well as denying plaintiff the equal protection from a deadly disease (i.e) COVID and the possibility of a future harm initiated and incited by CDCR staff.

Plaintiff disagrees. It was CTF soledad that misplaced the TV. and the delay in filing was caused by the defendant at the CSATF office of Grievances at the institutional level having to send the appeal to an outside agency. The claim was rejected for reasons that was created by themselves, with the intension to prolong redress.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court for relief as follows:

(1). Issue a Declaratory Judgement that the Defendants actions as stated herein the Complaint, did violate Plaintiff's rights under US constitution as allege herein.

(2). Award Plaintiff monetary damages, compensatory and punitive, in an amount to be determined by the Court.

(3). Award Plaintiff the cost of court fee, and reasonable attorney fees for appointed counsel.

(4) Reimburse Plaintiff for the lost, stolen, or misplace RCA TV by CDCR staff during the movement from CTF to CSATF, as this was a loss created solely by the Defendants in this action.

(5). Grant Plaintiff any such other and further relief as this Court deems just and proper.

I, DAVID L. SAULS, declare under penalty of perjury under the laws of the United States that the foregoing is both true and correct.

Respectfully Submitted,

David Sauls

DAVID SAULS

Dated
10/26/22

///

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, David Sauls , declare:

I am over 18 years of age and a party to this action. I am a resident of Corcoran State Prison - Substance Abuse Treatment Facility Prison,

in the county of Kings ,

State of California. My prison address is: P.O. Box 5244, Corcoran CA 93212-5244

On October 26, 2022 ,
(DATE)

I served the attached: Initial Complaint under 1983

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

Clerk of the Court
Northern Dist of California
450 Golden Gate Ave
San Francisco, CA 94102

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 10/26/22    David L. Sauls
(DATE)    (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)    -9-    ::ODMA\PCDOCS\WORDPERFECT\22832\1