UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. SAULS,<br>   Plaintiff,<br>  v.<br>WARDEN OF CTF, et al.,<br>   Defendants. | Case No. 22-cv-06739-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. No. 3 |

## INTRODUCTION

Plaintiff David L. Sauls alleges that prison officials at CTF-Soledad violated his federal constitutional rights in various ways. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

The complaint is DISMISSED with leave to file an amended complaint on or before **June 26, 2023**. Sauls's retaliation and endangerment claims are DISMISSED with leave to amend because he has not named any of the alleged defendants: without their names or much more specific information, it is impossible to serve them with the complaint and the case against them cannot proceed. Sauls's claims regarding the mishandling of grievances, his misplaced television, and COVID protections are also DISMISSED because they do not state a cognizable claim for relief, as explained below.

Failure to file a proper amended complaint by June 26, 2023 may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. And at this time, Sauls's motion for the appointment of counsel is DENIED. (Dkt. No. 3.)

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Sauls alleges various unrelated claims arising from events at CTF-Soledad.  He claims that prison officials (i) violated the Eighth Amendment by failing to protect prisoners from COVID; (ii) violated due process by failing to respond to his emergency grievances regarding his medical condition; (iii) negligently lost his emergency grievance; (iv) violated his First and Eighth Amendments by calling him a snitch and by sending

1  CTF-Soledad prisoners to Corcoran State Prison after his transfer to Corcoran in order to
2  place him in danger; and (v) misplaced his television.
3        Claim 1 is DISMISSED.  Sauls's generalized, conclusory allegations regarding
4  prison officials' COVID response are insufficient to state a claim for relief.  "[I]n order to
5  state a cognizable Eighth Amendment claim, Plaintiff must provide more than generalized
6  allegations" that prison officials "have not done enough to control the spread [of
7  COVID]."  *Wright v. Sherman*, No. 1:21-cv-01111-SAB (PC), 2022 WL 329117, at *3
8  (E.D. Cal. Feb. 3, 2022).  *See e.g., Booth v. Newsom*, No. 2:20-cv-1562 AC P, 2020 WL
9  6741730, at *3 (E.D. Cal. Nov. 17, 2020); *Blackwell v. Covello*, No. 2:20-CV-1755 DB P,
10 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden
11 for failure to adequately control the spread of COVID-19 in the prison).  *See, e.g., Sanford
12 v. Eaton*, No. 1:20-cv-00792-BAM (PC), 2021 WL 1172911, at *6 (E.D. Cal. Mar. 29,
13 2021) (explaining that "in order to state a cognizable Eighth Amendment claim against the
14 warden, associate wardens and the other defendants named, Plaintiff must provide more
15 than generalized allegations that the warden, associate wardens and other defendants have
16 not done enough regarding overcrowding to control the spread" of COVID-19); *Blackwell*,
17 2021 WL 915670, at *3 (concluding that "in order to state a cognizable Eighth
18 Amendment claim against the warden plaintiff must provide more than generalized
19 allegations that the warden has not done enough to control the spread" of COVID-19).
20       Claims 2 and 3 regarding the failure to respond to his grievance in a timely fashion
21 and the loss of his first grievance are also DISMISSED.  There is no constitutional right to
22 a prison administrative appeal or grievance system.  *See Ramirez v. Galaza*, 334 F.3d 850,
23 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the
24 processing of his appeals does not violate due process because prisoners lack a separate
25 constitutional entitlement to a specific prison grievance system); *Antonelli v. Sheahan*, 81
26 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does
27 not give rise to protected liberty interest requiring procedural protections of Due Process
28 Clause).

3

1    Claim 4 regarding retaliation and endangerment is DISMISSED with leave to
2    amend. Sauls must name the persons who actually called him a snitch and arranged for the
3    transfer of prisoners to Corcoran, or provide sufficient identifying information so that the
4    individuals can be served. His allegations refer only to correctional officers 7 through 12,
5    which he earlier describes as "Unnamed Defendants." (Compl., Dkt. No. 1 at 2, 9, 22.)
6    There is no way to serve the unnamed defendants without more specific information.

7    Claim 5 regarding the loss of his television when he was transferred from CTF-
8    Soledad to Corcoran State Prison is DISMISSED. Neither the negligent nor intentional
9    deprivation of property states a claim under § 1983 if the deprivation was random and
10   unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981). The availability of an
11   adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it
12   provides sufficient process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California
13   law provides an adequate post-deprivation remedy for any property deprivations. *Barnett
14   v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

## MOTION FOR THE APPOINTMENT OF COUNSEL

16   Sauls moves for the appointment of counsel. (Dkt. No. 3.) The decision to request
17   counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound
18   discretion of the trial court and is granted only in exceptional circumstances." *Franklin v.
19   Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances"
20   requires an evaluation of the likelihood of the plaintiff's success on the merits and an
21   evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity
22   of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d
23   1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se
24   litigant would be better served with the assistance of counsel, necessarily qualify the issues
25   involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

26   There is no doubt that not having a lawyer puts a party at a disadvantage in our
27   adversarial system of justice. Across the United States in 2020, unrepresented prisoners
28   filed almost 8000 cases, roughly 16.65% of all new civil filings. United States Courts for

the Ninth Circuit, 2020 Annual Report, https://cdn.ca9.uscourts.gov/datastore/judicial-council/publications /AnnualReport2020.pdf.  The high percentage of civil litigants who cannot afford counsel threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands.  That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

Sauls has not shown that exceptional circumstances exist.  His filings are clear, and the suit does not present complex legal issues.  Accordingly, Sauls's motion for the appointment of counsel is DENIED.  I will reconsider the necessity of appointing counsel if circumstances warrant such action at a later date.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **June 26, 2023.**  The amended complaint must include the caption and civil case number used in this order (22-06739 WHO (PR)) and the words FIRST AMENDED COMPLAINT must be written on the first page.  <u>The amended complaint must also appear on this Court's form, a copy of which will be sent to him.</u>  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the prior complaint by reference.  <u>Failure to file a proper amended complaint by June 26, 2023 may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u>

Sauls's motion for the appointment of counsel is DENIED.  (Dkt. No. 3.)

The Clerk shall terminate Dkt. No. 3.

**IT IS SO ORDERED.**

**Dated:**  April 20, 2023

_____
WILLIAM H. ORRICK
United States District Judge

5