1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7          NORTHERN DISTRICT OF CALIFORNIA
8

United States District Court
Northern District of California

9    DAVID L. SAULS,                           Case No. 22-cv-06739-WHO (PR)
10               Plaintiff,                     **ORDER DENYING DEFENDANTS'
                                                MOTION TO DISMISS;**
11        v.
                                                **ORDER SETTING BRIEFING
12   S. BALLI, et al.,                          SCHEDULE**
13               Defendants.                    Dkt. Nos. 24 and 28
14

15                          **INTRODUCTION**
16       Plaintiff David L. Sauls alleges in this 42 U.S.C. § 1983 action that his jailors at
17  CTF-Soledad endangered him in violation of the Eighth Amendment by labelling him a
18  snitch. Defendants move to dismiss under Rule 12(b)(6) on grounds that Sauls has failed
    to state a claim for relief.[1]
19
20       Sauls has stated sufficient facts to survive a Rule 12(b)(6) motion to dismiss.
21  According to his allegations, which must be assumed as true for the purposes of this Order,
22  defendants at CTF-Soledad and SATF labelled him a snitch in front of other prisoners and
23  encouraged prisoners to threaten and attack him. He was ultimately threatened by
24  prisoners at SATF. Though the facts supporting the final element occurred outside the
25
26  _____
27  [1] Defendants' first motion to dismiss is moot because they filed a second one while the
    first was pending. It is the second motion that is the subject of this Order. (Dkt. Nos. 24
28  and 28.)

1   Northern District, I find them sufficiently connected to the initiating acts at CTF-Soledad

2   to survive a Rule 12(b)(6) motion to dismiss.  Accordingly, defendants' Rule 12(b)(6)

3   motion is DENIED.

4          On or before **July 1, 2025**, defendants shall file a motion for summary judgment

5   regarding the Eighth Amendment endangerment claims if they choose to do so.  Sauls's

6   opposition shall be filed within 45 days after defendants' motion is filed.  Defendants'

7   reply shall be filed within 15 days after the opposition is filed.  The summary judgment

8   motion shall be deemed submitted on the day the reply brief is due.

9                                          **BACKGROUND**

10  **i.      Procedural Background**

11         This Order concerns defendants' motion to dismiss Sauls's third amended

12  complaint.  In his original complaint, Sauls claimed that unnamed defendants (i) violated

13  the Eighth Amendment by failing to protect prisoners from COVID; (ii) violated due

14  process by failing to respond to his emergency grievances regarding his medical condition;

15  (iii) negligently lost his emergency grievance; (iv) violated his First and Eighth

16  Amendments by calling him a snitch and by sending CTF-Soledad prisoners to Corcoran

17  State Prison after his transfer to Corcoran in order to place him in danger; and (v)

18  misplaced his television.  (Order Dismissing Complaint, Dkt. No. 11 at 2-3.)

19         I dismissed the original complaint with leave to amend.  His COVID claims were

20  generalized and conclusory; his grievance claims were dismissed because the prison

21  grievance procedure creates a procedural right that does not give rise to a protected liberty

22  interest that requires the procedural protections of Due Process Clause; his retaliation and

23  endangerment claims were dismissed with leave to amend because he failed to name the

24  actual persons who allegedly committed the acts; and his claim about the loss of his

25  television when he transferred prisons was dismissed because neither the negligent nor

26  intentional deprivation of property states a claim under section 1983 if the deprivation was

27  random and unauthorized.  (*Id.* at 3-4.)

28

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    Sauls then filed a first amended complaint, which contained only his retaliation and

2  endangerment claims.  I dismissed it with leave to amend because Sauls again failed to

3  name the actual persons involved.  (Dkt. No. 17 at 2-3.)

4    His second amended complaint contained cognizable Eighth Amendment

5  endangerment claims.  Sauls alleged that in 2020 Lieutenant S. Balli recruited, and

6  conspired with, prisoners to slander Sauls as a "snitch" and to do physical harm to him.

7  (Order of Service, Dkt. No. 21 at 2.)  Sauls claims that Balli acted with the approval of his

8  supervisor, J. Crews.  (*Id.*)  I ordered service of the Eighth Amendment endangerment

9  claims only and dismissed the others.  (*Id.* at 3.)  I allowed him leave to amend his claim

10  against the warden, whose name he had not provided.  (*Id.*)

11    Defendants filed a motion to dismiss the second amended complaint, but Sauls then

12  filed a third amended complaint, which mooted the motion.  (Dkt. Nos. 24 and 28.)

13  Defendants then filed a second motion to dismiss, which is the subject of this Order.

14  (Dkt. Nos. 26 and 28.)

15  **ii.    Allegations in the Third Amended Complaint**

16    Sauls alleges that "Defendants 'S. BALLI' and 'J. CREWS' are the inventers [*sic*]

17  of this cause of action [at CTF-Soledad] by calling plaintiff [on unspecified dates] a

18  'snitch' and defendant 'warden' knew of this allegation and failed to reasonability [*sic*] . . .

19  respond to abate."  (Third Am. Compl., Dkt. No. 26 at 11.)  Sauls asserts that unnamed

20  custody staff "walked up and down the tiers telling other inmates that Plaintiff was a

21  'snitch.' "  (*Id.*)  He heard Balli tell "inmates of her race" that Sauls was a "threat to or

22  [*sic*] organization and must be eliminated."  (*Id.* at 12.)  He also alleges that Crews

23  "willfully conspired et al. [*sic*] staff inmates to libelous slander of plaintiff['s] name, with

24  character assassination by way of labelling plaintiff as a snitch within the inmate

25  population."  (*Id.* at 13.)

26    Sauls further states that after he was transferred to the Substance Abuse Treatment

27  Facility (SATF), prison authorities transferred a "posse" of inmates they had "recruited"

28  from CTF and housed them in his building.  (*Id.* at 13.)  He alleges that this posse said,

1   "were [*sic*] is that bato Sauls, we're going to kill his fucking ass." (*Id.* at 14.)  He says also

2   that Balli came to SATF and told "inmates of her race" that "Sauls is a threat to are [*sic*]

3   organization, and must be eliminated." (*Id.*)  He also alleges that while at CTF, Crews

4   conspired with other staff and "inmates of her race to do plaintiff bodily harm." (*Id.*)  He

5   heard Crews talking with "inmates of her race" about the "size of the weapon to be used

6   for the job, and he also heard the "sound of metal during that conversation." (*Id.*)  Sauls

7   contends that Warden Koenig knew about his being labelled a snitch and threatened to "put

8   plaintiff back in the general population." (*Id.* at 6.)

9        In addition to Sauls's Eighth Amendment endangerment claims, he alleges that

10  defendants violated the Tom Bane Act, a California law, and repeats a conclusory claim

11  regarding COVID protections, which was dismissed in a prior Order.  (*Id.* at 3, 6.)

## STANDARD OF REVIEW

13       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be

14  granted if the complaint does not proffer "enough facts to state a claim for relief that is

15  plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

16  Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or

17  "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v.*

18  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an

19  affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746

20  F.2d 1377, 1378 (9th Cir. 1994).

## DISCUSSION

22       I will consider only those claims found cognizable in the Order of Service,

23  specifically the Eighth Amendment endangerment claims against Balli and Crews.

24  Accordingly, all other defendants and any claims other than the Eighth Amendment

25  endangerment claims are DISMISSED.

26       The Ninth Circuit had held that labelling an inmate a "snitch" can pose such a

27  substantial risk of serious harm from other inmates that it may support an Eighth

28  Amendment claim.  *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989).

United States District Court
Northern District of California

4

United States District Court
Northern District of California

However, "[w]hile the Ninth Circuit held in *Valandingham v. Bojorquez* that calling an inmate a 'snitch' may violate one's right to be protected from violence while in custody, it did so, in part, because the plaintiff subsequently received threats of violence from other inmates." *Green v. Chamberlain*, No. 2:19-CV-0109-DMC-P, 2019 WL 3302346, at *7 (E.D. Cal. July 23, 2019). "The Ninth Circuit later held Eighth Amendment claims based on a defendant's words must allege the plaintiff was subjected to retaliation or threats of retaliation at the hands of other inmates." *Id.*, citing *Morgan v. MacDonald*, 41 F.3d 1291, 1294 (9th Cir. 1994). Furthermore, a plaintiff "must allege facts demonstrating that he was either physically harmed or was threatened with physical harm *because of* the 'snitch' label." *Brummett v. Lopez*, Case No. 1:21-cv-00086-DAD-BAM (PC), 2021 WL 3722779, at *3, citing *Morgan*, 41 F.3d at 1294 (emphasis added). In *Green v. Camberlain*, the district court found not cognizable plaintiff's claims that prison officers' labelling him a snitch subjected him to a risk of serious harm because "there are no allegations that Plaintiff's fellow inmates retaliated against him." *Id.* at *7.

Here, Sauls has alleged sufficient facts to state an Eighth Amendment endangerment claim. According to his allegations, which must be assumed as true for the purposes of this Order, defendants labelled him a snitch in front of other prisoners and encouraged prisoners to threaten and attack Sauls, who was threatened by prisoners at SATF. Though the facts supporting the final element occurred outside the Northern District, I find them sufficiently connected to the initiating acts at CTF-Soledad to survive a Rule 12(b)(6) motion to dismiss. Accordingly, defendants' motion to dismiss is DENIED.

## CONCLUSION

Defendants' motion to dismiss under Rule 12(b)(6) is DENIED. (Dkt. No. 28.) Defendants' prior motion to dismiss is DENIED as moot. (Dkt. No. 24.) The only claims in this action are the Eighth Amendment endangerment claims against Balli and Crews. All other claims and defendants are DISMISSED.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

On or before **July 1, 2025**, defendants shall file a motion for summary judgment regarding the Eighth Amendment endangerment claims against Balli and Crews if warranted. Sauls's opposition shall be filed within 45 days after defendants' motion is filed. Defendants' reply shall be filed within 15 days after the opposition is filed. The summary judgment motion shall be deemed submitted on the day the reply brief is due.

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:**  February 24, 2025



WILLIAM H. ORRICK
United States District Judge

6