UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID L. SAULS,

          Plaintiff,

     v.

S. BALLI, et al.,

          Defendants.

Case No. 22-cv-06739-WHO (PR)

**ORDER DENYING MOTION TO COMPEL DISCOVERY;**

**ORDER STAYING DISCOVERY;**

**ORDER EXTENDING OPPOSITION FILING DEADLINE**

Dkt. No. 61

Plaintiff Sauls's moves to compel production of Requests Nos. 4, 5, 6, 7, 8 and 9, which were part of his May 2025 discovery requests. (Mot. to Compel, Dkt. No. 61 at 7, 14.) The motion is DENIED because he failed to meet and confer as required by Rule 37 and because his requests are overbroad. Discovery is STAYED.

To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37. Plaintiff Sauls's motion to compel discovery is DENIED because he has not complied with Rule 37's requirement to meet and confer with defendants to resolve any discovery disputes prior to filing his motion to compel. (Dkt. No. 61.) Both parties agree that the last time Sauls asked for discovery was during his September 10, 2025, deposition. (*Id.* at 5; Opp., Dkt. No. 62 at 5.) At that time, he asked only for 602 grievances filed against defendants, not for the broad array of materials he asks for in his motion to compel. (Sauls Depo., Dkt. No. 61 at 39.) This is not sufficient to satisfy the meet and confer requirement.

United States District Court
Northern District of California

The motion is DENIED on the additional ground that Sauls's discovery requests are vague and overly broad. Discovery requests must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Discovery may be limited by the Court if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). Requests for documents "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A).

Request No. 4 asks for the production of any and all documents, notes, letters, files, records, books, logs, grievance reports, or written communications concerning complaints, and 602s against defendant S. Balli. (Mot. to Compel., Dkt. No. 61 at 19.) This request is overly broad. Also, Sauls gives no reason why such information is relevant to the specific incidents at issue in this action.[1] His request is not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Request No. 5 asks for the production of any and all documents, notes, letters, files, records, books, logs, grievance reports, or written communications concerning complaints, and 602s against defendant J. Crews. (Mot. to Compel., Dkt. No. 61 at 19.) This request

---

[1] Sauls appears to assert that discovery will lead to information regarding confidential information. In January 2021 prison authorities received confidential information that Sauls has "safety/enemy concerns due to your allegations that you are the victim of theft via the canteen system by other inmates." (Mot. to Compel, Dkt. No. 61 at 8, 41-42.) Sauls asserts that "this statement was an argument filed in a 'grievance about staff' which was lost, stolen or misplaced and dismissed by this Court." (*Id.*) Defendants state that they have "no idea what this refers to." (Opp., Dkt. No. 62 at 5.)

Sauls's assertion is not sufficient reason to grant such broad discovery. He admits that the grievance is lost. (I do not understand what he means by "lost, stolen or misplaced and dismissed by this Court.") His belief that the statement appeared in a grievance is based on speculation, which undermines any assertion that discovery will yield what he wishes. Also, he has not shown how this confidential information is relevant to the allegations in the complaint, which are that defendants labelled him a snitch and conspired with inmates to harm him. Allegations that prisoners were irritated with him because of his theft allegations do not bear on the specific incidents in this action.

2

is overly broad.  Also, Sauls gives no reason why such information is relevant to the specific incidents at issue in this action.  His request is not "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Request No. 6 asks for the production of any and all documents, the names of custody staff, their disciplinary violations, grievances filed against each and the results of such grievances, and logs, memoranda, letters, communications concerning complaints made including those against first, second, and third watch.  (Mot. to Compel., Dkt. No. 61 at 20.)  This request is overly broad.  Also, Sauls gives no reason why such information is relevant to the specific incidents at issue in this action.  His request is not "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Request No. 7 asks for the production of any and all documents including the names, disciplinary proceedings, rule violation reports, grievances, complaints, 602s, and the ranks and the authority of each classification committee member assigned to administrative segregation at CTF-Soledad from January 9, 2020, through June 30, 2020. (Mot. to Compel., Dkt. No. 61 at 20.)  This request is overly broad.  Also, Sauls gives no reason why such information is relevant to the specific incidents at issue in this action.  His request is not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Request No. 8 asks for the production of any and all documents, classifications referrals, and the names and housing status of all inmates transferred from CTF segregation to Corcoran Building #2 from February 1, 2020, thru March 30, 2020.  (Mot. to Compel., Dkt. No. 61 at 21.)  This request is overly broad.  Also, Sauls gives no reason why such information is relevant to the specific incidents at issue in this action.  His request is not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Request No. 9 asks for the production of any and all documents, names of persons, staff, inmates or others who were whistleblowers, as well as all notes, letters, memoranda, files, records, written communications, and disciplinary proceedings as a result of said

whistleblowing.  (Mot. to Compel., Dkt. No. 61 at 21.)  This request is overly broad.  Also, Sauls gives no reason why such information is relevant to the specific incidents at issue in this action.  His request is not "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Because Sauls has not shown that he is entitled to further discovery, discovery is hereby STAYED.  That said, if Sauls's case survives summary judgment, or if it appears that some of the documents he requested months ago are material to the disputes in this case, I may determine whether further discovery is appropriate.

This civil rights action has been pending for some time.  In April 2026, defendants filed a motion for summary judgment.  (Dkt. No. 63.)  I extend Sauls's opposition filing deadline, which was June 4, 2026, to **July 6, 2026**.  Defendants' reply shall be filed within 15 days after the opposition has been filed.  Defendants' motion shall be deemed submitted on the day the reply brief is due.

The Clerk shall terminate Dkt. No. 61.

**IT IS SO ORDERED.**

**Dated:**  May 12, 2026



WILLIAM H. ORRICK
United States District Judge